[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-8307

_____

D. C. Docket No. 97-03581-1-CV-ODE

PAUL SHIELDS,

Plaintiff-Appellant,

versus

BELLSOUTH ADVERTISING AND PUBLISHING COMPANY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 19, 2001)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

In this appeal, Plaintiff Paul Shields challenges the dismissal of his wrongful termination suit against Defendant BellSouth Advertising and Publishing Corp. ("BAPCO") pursuant to Georgia's doctrine of collateral estoppel. As we explained in our earlier opinion in this case, 228 F.3d 1284 (11th Cir. 2000), prior to bringing suit in federal court, Shields sought unemployment benefits through the Georgia state courts. During those state proceedings, a Georgia Superior Court found that there was no record evidence that Shields was fired because of his protected status as an HIV-positive male. Based on this state court finding, the federal district court dismissed the lawsuit, which alleges wrongful termination on the basis of disability in violation of Title I of the American with Disabilities Act, 42 U.S.C. § 12101, et seq. The district court concluded that the gravamen of Shields's suit -- his allegation that he was terminated because of his HIV-positive status -- already was litigated in his state unemployment benefits proceedings, and that those proceedings offered him a full and fair opportunity for hearing in compliance with federal due process standards.

In our earlier opinion, we agreed with the district court that Georgia's unemployment benefits proceedings, on the face of this record, comport with the procedural rigors of federal due process. We left open, however, whether as a matter of Georgia law Shields's claim would be barred by collateral estoppel.

Specifically, we certified that dispositive issue to the Georgia Supreme Court,

seeking the answer to the following question:

> Under the circumstances of this case, would a Superior
> Court's finding in an unemployment compensation
> appeal that there is no evidence the decisionmaker who
> terminated the employee knew of his protected status and
> no evidence that his protected status motivated his
> discharge, collaterally estop the employee as a matter of
> Georgia law from establishing in a subsequent wrongful
> termination lawsuit in state court that he was terminated
> because of his protected status?

The Georgia Supreme Court has now answered that question in the

affirmative, ruling that "collateral estoppel bars revisiting the alleged reasons

behind Shields's dismissal." -- S.E.2d --, No. S01Q0116 (Ga. Apr. 30, 2001). In

light of that answer, we conclude that Shields's ADA claim is barred by collateral

estoppel, and accordingly affirm the district court in full.

**AFFIRMED.**